IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,552-03






EX PARTE KENNON MEYERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 16,137-A IN THE 253
RD DISTRICT COURT


FROM LIBERTY COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a 
controlled substance and sentenced to twelve (12) years' imprisonment. No direct appeal was taken. 

 Applicant contends that he is eligible for street time credit but has been improperly denied
credit on his sentence for a period of parole from June 29, 1999, until September 26, 2002. 

 On January 31, 2007, this Court remanded this application to the trial court for further fact
findings. In our remand order, we noted that the habeas record contained an affidavit from the Texas
Department of Criminal Justice, Correctional Institutions Division which showed that Applicant had
been denied street time credit because he was convicted of the offense of possession of controlled
substance in a drug free zone in 2003. However, Applicant was convicted of this offense in 1986. 
This Court has held that a subsequent conviction does not make an Applicant ineligible for street time
for an earlier conviction. See Ex parte Keller, 173 S.W.3d 497 (Tex. Crim. App. 2005). We noted
that Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Spann, 132 S.W.3d
390 (Tex. Crim. App. 2004). 

 In response to our remand order, the trial court has entered supplemental findings of fact and
conclusions of law. However, the record still does not contain information about the dates of
issuance of any parole-revocation warrants leading to the revocation of Applicant's parole and the
date any such parole-revocation warrants were withdrawn. In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the
trial court is the appropriate forum for findings of fact. The trial court shall order the Texas
Department of Criminal Justice, Parole Division to file a supplemental affidavit listing Applicant's
sentence begin date, the dates of issuance of any parole-revocation warrants leading to the revocation
of such parole, and the date any such parole-revocation warrants were withdrawn. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
orders, affidavits, and interrogatories shall be returned to this Court within 45 days of the date of this
order. Any extensions of time shall be obtained from this Court. 

Filed: April 18, 2007

Do not publish